Ashot PAYLYAN, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Ashot Paylyan, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

**Nos. 04–74151, 06–75549.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 18, 2008.

Filed Feb. 28, 2008.

Roger S. Kubein, Immigration Corp., San Francisco, CA, Jessica E. Smith, Fresno, CA, for Petitioner.

Ashot Paylyan, Fresno, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Earle B. Wilson, Esq., Lindsay L. Chichester Fax, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: WALLACE, HUG, and SCHROEDER, Circuit Judges.

MEMORANDUM *

The petitioner, Ashot Paylyan, is a native and citizen of Armenia and petitions

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for review of the Board of Immigration Appeals's summary affirmance of the Immigration Judge's decision denying asylum, withholding of removal and relief under the Convention Against Torture. Petitioner challenges the adverse credibility finding on the basis of errors and omissions in the translation of his testimony.

There was no objection to the intermittent failure to translate, nor was the issue raised to the BIA. Petitioner therefore has waived the claim of denial of due process arising out of the translation. The procedural due process argument that the IJ was too domineering during the hearing and prevented the petitioner from favorably presenting his case, including interfering with adequate opportunity to present translations in the proceeding, was not raised before the BIA and was thus not exhausted. Our court thus lacks jurisdiction to consider that claim. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004) Moreover, it appears that the IJ made a conscientious effort to make sure nothing material was omitted from the record by reason of the lack of translation.

Paylyan also argues that the IJ failed to provide specific, cogent reasons for the adverse credibility finding, but the IJ cited inconsistencies between Paylyan's testimony and his asylum application as the reason for the adverse credibility finding. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). The adverse credibility finding is supported by substantial evidence.

Paylyan attempted to raise the translation problems and other issues before the BIA in a motion to reopen, claiming denial of effective assistance of counsel, but the reopening was not sought until two years after the BIA's decision. There was no abuse of discretion in the BIA's denial of the motion to reopen. Although the ineffectiveness issue was raised in the original brief, the issue was not raised before the BIA and thus may not be decided by this court.

The petition for review is **DENIED.**